

FILED

MAR 0 1 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

For the United States District Court

Brent Allen Morris,
    Plaintiff / Petitioner,

Vs.

State of Oklahoma, Scott Nunn, Warden
    Defendant / Respondent.

Case Number: CF – 2016-6899

22 CV - 091 CVE • SH

### Motion to Stay

Comes now, Petitioner Brent Allen Morris, pro se, and submits this petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.

    For good cause, Mr. Morris requests the Court to hold this petition and application in protective status abeyance. Propositions one through seven (1-7) are exhausted and propositions eight through eleven (8-11) are currently and timely filed with the Tulsa County District Court by an application for post-conviction relief.

Petitioner concedes that four of his eleven claims are unexhausted. Relying on Rhines v. Weber, 544 U.S. 269 (2005), Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Doe v. Jones, 762 F.3d 1174 (10th Cir. 2014), petitioner characterizes his petition as a "protective" habeas petition and asks the Court to stay this habeas proceeding and hold the petition in abeyance pending the conclusion of his state post-conviction proceedings. The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017); see also 28 U.S.C. § 2254(b)(1). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Several years before Congress enacted the AEDPA, the United States Supreme Court determined in Rose v. Lundy, 455 U.S. 509 (1982), that principles of comity and federalism required "total exhaustion." See Rhines, 544 U.S. at 274 (discussing Lundy's "total exhaustion" requirement). To enforce this total exhaustion requirement, the Supreme Court directed district courts to dismiss mixed petitions so that petitioners could return to state court and exhaust previously unexhausted claims before returning to federal court. Rhines, 544 U.S. at 274.

However, in enacting the AEDPA, congress imposed a one-year limitation period for the filing of a federal habeas petition by a state prisoner. 28 U.S.C. §2244(d)(1). In most cases, the one-year period commences on the date the prisoner's conviction becomes final, which occurs at the conclusion of direct review or when the time for direct review has expired. Id. § 2244(d)(1)(A). The AEDPA also includes a provision that tolls the one year limitation period during the time a state prisoner's application for collateral review is pending in state court. Id. § 2244(d)(2). However, to benefit from statutory tolling, a state prisoner must file his or her application for state collateral review in accordance with applicable state rules and within the AEDPA's one-year limitation period. Id.; Burger, 317 F.3d at 1138-41. In Rhines, the Supreme Court recognized,

"As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing

their opportunity of any federal review of their unexhausted claims. If a petitioner filed a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review."

544 U.S. at 275. The Supreme Court also noted that Lundy's total exhaustion requirement was not intended to "**unreasonably impair the prisoner's right to relief.**" Rhines, 544 U.S. at 278. Thus, the Rhines Court held, in limited circumstances it is appropriate for a district court to stay a federal habeas proceeding and hold the federal habeas petition in abeyance to allow a petitioner presenting a mixed petition to return to state court and exhaust his or her unexhausted claims. Id. at 275-79.

District courts are no longer required to dismiss mixed petitions in order to enforce the total exhaustion requirement. Rather, a court faced with a mixed petition may (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust unexhausted claims, (2) **employ the stay and abeyance procedure and permit the petitioner to return to state court to exhaust unexhausted claims**, (3) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims, or (4) deny the entire petition on the merits. Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016); see also Grant v. Royal, 886 F.3d 874, 892 (10th Cir. 2018) (noting that dismissal without prejudice for lack of exhaustion is **not** appropriate if the state court would find the petitioner's claims procedurally barred and concluding a district court may apply an anticipatory procedural bar to those claims and deem them procedurally defaulted for purposes of federal habeas review).

Petitioner prays the Court finds the circumstances of this case support granting a stay rather than either dismissing the petition without prejudice or requiring petitioner to omit his unexhausted claims. First petitioner faces the very situation contemplated in Rhines: he filed a timely yet mixed federal habeas petition but because his attorney waited until 3 days before his *AEDPA deadline expired to file his state application for post-conviction relief (see exhibit), petitioner contends that even regardless of §2244(d)(2)'s statutory tolling provision and the benefit of the prison mailbox rule (e.g. Tulsa County denied petitioner's application for post-conviction relief, yet Mr. Morris was not notified until the prison facility where he is currently incarcerated distributed legal mail weeks later) his deadline will expire before he is even notified of the OCCA's decision. Petitioner has only retained counsel for the post-conviction process and will be proceeding pro se for federal habeas. Should the Court dismiss his habeas petition on exhaustion grounds, any subsequent federal habeas petition would almost certainly be time barred. Dismissal of his habeas petition would "likely mean the termination of any federal review." Rhines, 544 U.S. at 275.

Respectfully submitted,

_____

Date: 2/17/22

Brent Allen Morris #795282
J.C.C.C. Unit 1
216 N. Murray St.
Helena, OK 73741

---

*Petitioner's conviction became final on November 25th, 2020, 90 days after the OCCA affirmed his convictions on direct appeal. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding direct review concludes when 90-day period for filing petition for writ of certiorari in the United States Supreme Court expires). His one-year limitation period commenced the next day, November 26, 2020. See United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding AEDPA limitation period is calculated in accordance with FED. R. CIV. P. 6(a)).



# DEBRA K. HAMPTON
### Attorney at Law
3126 S. Blvd., # 304
Edmond, OK 73013

Phone: 405- 250-0966
Fax: 866-251-4898
E-mail: hamptonlaw@cox.net

Website: debrakhampton.com
Facebook: debra-hampton

November 23, 2021

Brent Morris, # 795282
JCCC
216 N. Murray
Helena, OK 73741-9606

Re: **Post-Conviction Documents**

Dear Brent:

Enclosed please find the post-conviction documents that were filed on your behalf yesterday. For some reason the exhibit numbering got messed up but I can fix that if it is made to be a big deal from the DA.

I received your letter today postmarked November 19, 2021. We could not argue that your previous attorney stole your cell phone unless she unlawfully took it. Also, I could not address federal sentencing guidelines in your case simply because they do not apply. It is the legislature in a state that defines sentencing.

We will consider a supplemental Application especially regarding the text message from Charis. We will look at other issues as well, it was just imperative that it be filed.

Hope they feed you something good for Thanksgiving. In the meantime, I continue to pray blessings and protection over you.

Best regards,

// *Debbie Hampton*

DEBRA K. HAMPTON
Attorney at Law

//cp

Enclosures