# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT ALLEN MORRIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 22-CV-0091-CVE-SH |
| CARRIE BRIDGES, Warden,[1] | ) |
| Respondent. | ) |

## ORDER DENYING STAY AND SETTING BRIEFING SCHEDULE

This matter is before the Court on the motion to stay (Dkt. # 2) filed by petitioner Brent Allen Morris. For the reasons stated, the Court denies the motion.

On March 1, 2022, Morris filed a petition for writ of habeas corpus (Dkt. # 1), asserting eleven claims for relief, and the instant motion to stay (Dkt. # 2). In the motion, Morris requests a stay of this habeas proceeding so that he may exhaust available state remedies as to four claims asserted in the petition. Dkt. # 2, at 1. When he filed the motion, Morris was then presenting those four claims to the Oklahoma Court of Criminal Appeals (OCCA) through a postconviction appeal, in Case No. PC-2022-327. Dkt. # 2, at 1; Dkt. # 7, at 2; see 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state remedies); Rhines v. Weber, 544 U.S. 269, 277 (2005) (approving of stay-and-abeyance procedure in certain habeas cases).

In an order filed April 12, 2022 (Dkt. # 5), the Court directed respondent Carrie Bridges to file a limited response addressing Morris's motion to stay. Bridges filed a response in opposition

---

[1] Carrie Bridges, the current warden at the James Crabtree Correctional Center (JCCC) is substituted in place of Scott Nunn, the JCCC's former warden, as party respondent. FED. R. CIV. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

to the motion on May 11, 2022 (Dkt. # 7), and Morris filed a reply on July 1, 2022 (Dkt. # 10). Then, on July 29, 2022, Morris filed a notice (Dkt. # 11)[2] indicating that the OCCA affirmed the district court's order denying his application for postconviction relief. Morris did not indicate the date of the OCCA's decision or attach a copy of that decision. However, the Court takes judicial notice of the publicly available state court docket sheet reflecting that the OCCA affirmed the denial of postconviction relief on July 27, 2022. See Docket sheet, Morris v. State, No. PC-2022-327, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-327&cmid=132683, last visited Oct. 11, 2022. The OCCA's decision specifically adjudicated the four unexhausted claims Morris raises in the petition. See Order (Jul. 27, 2022), Morris v. State, No. PC-2022-327, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-327&cmid=132683, last visited Oct. 11, 2022.

Because Morris has exhausted available state remedies as to all eleven claims asserted in the petition, the Court denies as moot his motion to stay and establishes the following schedule for filing merits briefs. No later than 30 days after the entry of this order, Bridges shall file a response, in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, addressing the merits of the claims asserted in the petition. No later than 30 days after Bridges files the response, Morris may file an optional reply brief.

---

[2] Morris filed what appears to be a second petition for writ of habeas corpus, identifying the same claims raised in the petition (Dkt. # 1) but omitting the factual support for those claims and noting that the state court postconviction proceeding concluded with a denial of relief. Dkt. # 11, generally. Because Morris appears without counsel, the Court liberally construes his filing as a notice informing the Court that he was denied postconviction relief, not as an attempt to amend his petition. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing liberal construction afforded to pleadings and papers filed by pro se litigants).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court **shall note** the substitution of Carrie Bridges in place of Scott Nunn as party respondent;

2. the motion to stay (Dkt. # 2) is **denied** as moot;

3. no later than 30 days after the entry of this order, or on or before **November 14, 2022**, Bridges **shall file** a response, in accordance with Rule 5, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, addressing the merits of the claims asserted in the petition; and

4. no later than 30 days after Bridges files the response, Morris may file an optional reply brief.

**DATED** this 12th day of October, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE